**FILED**

OCT 18 2017



CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
## WESTERN DIVISION

DAVID ELIASON, an individual; and       )
1141 LLC, a South Dakota Limited Liability )
Company,                                  )
                                          )
                   Plaintiffs/Petitioners, )
                                          )
v.                                        )
                                          )
CITY OF RAPID CITY, a South Dakota       )
Municipality,                             )
                                          )
                   Defendant/Respondent.  )

CIV NO. 17- 5082

VERIFIED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF, DAMAGES, AND ATTORNEY
FEES AND COSTS AND SDCL § 21-29-1
PETITION FOR A WRIT OF MANDAMUS

**NOW COME** Plaintiffs David Eliason and 1141, LLC, by and through their attorneys, and state for their complaint against Defendant City of Rapid City, South Dakota, as follows:

### INTRODUCTION

1.      This is a civil action wherein Plaintiffs pray for a declaratory judgment, damages, attorney fees and costs, and both a preliminary and permanent injunction to restrain and enjoin the Defendant, as well as its agents, employees and representatives, from acting under color of state law to deprive the Plaintiffs of their rights, privileges and immunities secured to them by the Constitution of the United States.  Specifically, Plaintiffs seek to have this Court declare as unconstitutional, both on its face and as applied, and to enjoin, specified aspects of Section 17.50.186 of the Rapid City South Dakota Zoning Ordinance.

2.      This suit further includes a state law appeal of the Rapid City, South Dakota City Council's September 18, 2017 decision to deny Plaintiff, David Eliason, a conditional use permit

1

to operate his intended business at 1141 Deadwood Avenue, Suite 7, in Rapid City South Dakota. Such appeal is brought by way of a Writ of Mandamus pursuant to South Dakota Codified Laws § 21-29-1, *et seq.*, 28 U.S.C. § 1367 and <u>City of Chicago v. International College of Surgeons</u>, 522 U.S. 156 (1997).

## JURISDICTION AND VENUE

3.       Jurisdiction is conferred on this Court for the resolution of the substantial constitutional questions presented here by virtue of 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), and 28 U.S.C. § 1343(a)(3), the latter of which provides, in pertinent part, that the district courts shall have original jurisdiction over any civil action authorized by law to be commenced by any person:

> "To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States. . . ."

4.       The statutory law which further authorizes the institution of this suit, and in particular the damage claims asserted herein, is 42 U.S.C. § 1983, which provides, in part, as follows:

> "Every person who, under color of any statute, ordinance, regulation, custom or usage, or any State or Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ."

5.       The prayer for declaratory relief is founded on Rule 57 of the Federal Rules of Civil Procedure as well as 28 U.S.C. § 2201, the latter of which provides that:

> ". . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. . . ."

2

6.     The jurisdiction of the Court to grant injunctive relief is conferred upon this Court by Rule 65 of the Federal Rules of Civil Procedure, and by 28 U.S.C. § 2202, the latter of which provides:

> "Further necessary or proper relief on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

7.     Federal question jurisdiction for the request for attorney's fees and costs is conferred by 42 U.S.C. § 1988.

8.     No other action, civil or criminal, is pending in any state court involving the Plaintiffs regarding the activities and events at issue here.

9.     This suit is authorized by law to redress deprivations under color of state law of rights, privileges, and immunities secured by the First and Fourteenth Amendments to the United States Constitution, and for declaratory and injunctive relief.

10.     Supplemental jurisdiction for Plaintiffs' state law claims is supplied by 28 U.S.C. § 1367 because the state law claims are related to the federal claims in such a manner that they form the same case and controversy and because no circumstances are present that would merit the Court declining to exercise supplemental jurisdiction.  Plaintiffs appeal by statutory writ of mandamus pursuant to SDCL 21-29-1 and City of Chicago v. International College of Surgeons, 522 U.S. 156 (1997).

11.     Venue in this Court is appropriate as the various acts complained of occurred, and the Defendant is located, within the District of South Dakota, and more specifically within the County of Pennington.

## PARTIES

3

12.     Plaintiff David Eliason ("Eliason"), is an individual who is a resident of South Dakota.

13.     Plaintiff 1141, LLC ("1141" collectively with Eliason the "Plaintiffs" or the "Petitioners"), is a limited liability company duly organized under the laws of the state of South Dakota, and is authorized and qualified to do business in the State of South Dakota. David Eliason is its president.

14.     Defendant, City of Rapid City, South Dakota ("Rapid City" or the "City"), is a municipal government located within and chartered under the laws of the State of South Dakota. Rapid City is not a home-rule city.

## RELEVANT PROVISIONS OF THE RAPID CITY ZONING ORDINANCE

15.     Rapid City's zoning ordinance codified in Title 17 of the Rapid City Municipal Code ("RCMC").

16.     A true and accurate copy of RCMC § 17.50.186 (entitled "Sexually Oriented Businesses") is attached hereto as **Exhibit A** and is hereby incorporated by reference as though fully set forth herein.

17.     RCMC § 17.50.186(B)(8) defines a "Sexually Oriented Business" as: "An adult entertainment center, adults-only bookstore, adult novelty store, adult video store, or adults-only motion picture theater whose inventory, merchandise, or performances are characterized by a preponderance of nudity, sexual conduct, sadomasochistic abuse, and/or sexual excitement."

18.     Municipalities such as Rapid City label the businesses identified in RCMC § 17.50.186(B)(8) as "Sexually Oriented Business" rather than "Adult Oriented Businesses" or any

of the multitude of other potential designations, so that such businesses may be referred to by the

derogatory homograph acronym "SOB."

19.    RCMC § 17.50.186(B)(2) defines an "Adults-Only Bookstore" as:

An establishment having as a substantial or significant portion of its stock in trade,
books, magazines, films for sale or viewing on premises by use of motion picture
devices or other coin-operated means, and other periodicals which are distinguished
or characterized by their principal emphasis on matters depicting, describing or
relating to nudity, sexual conduct, sexual excitement or sadomasochistic abuse, as
defined below, or an establishment with a segment or section devoted to the sale or
display of such material, for sale to patrons therein.

20.    RCMC § 17.50.186 does not include a definition of "adult novelty store."

21.    RCMC § 5.70.010(B) defines a "Adult Bookstore, Adult Novelty Story or Adult

Video Store" as:

A commercial establishment which, as one of its principal purposes, offers for sale
or rental for any form of consideration any one or more of the following:

i.    Books, magazines, periodicals or other printed matter or photographs, films,
motion pictures, video cassettes or video reproductions, slides, digital media, or
other visual representations which are characterized by the depiction or
description of specified sexual activities or specified anatomical areas; or

ii. Instruments, devices, or paraphernalia that are designed for use in
connection with specified sexual activities.

1. A commercial establishment may have other principal business
purposes that do not involve the offering for sale or rental of material
depicting or describing specified sexual activities or specified anatomical
areas and still be categorized as adult bookstore, adult novelty store, or adult
video store.

2. Such other business purposes will not serve to exempt such commercial
establishments from being categorized as an adult bookstore, adult novelty
store, or adult video store so long as one of its principal business purposes
is the offering for sale or rental for consideration the specified materials
which are characterized by the depiction or description of specified sexual
activities or specified anatomical areas. A principal business purpose is
defined as a substantial or significant portion of its stock or trade for sale or

rental, and characterized by an emphasis on matter depicting, describing or relating to specified sexual activities or specified anatomical areas.

22.　　A true and accurate copy of RCMC Chapter 5.70 (entitled "Adult Oriented Businesses") is attached hereto as **Exhibit B** and is hereby incorporated by reference as though fully set forth herein.

23.　　The items described by RCMC § 5.70.010(B)(i) and (ii) and RCMC § 17.50.186(B)(8) are referred to herein as "Regulated Item(s)."

24.　　For all relevant purposes here, Rapid City has utilized and does utilize the definition in RCMC § 5.70.010 to determine whether a business is an "Adult Novelty Store" within the meaning of RCMC § 17.50.186(B)(8).

25.　　RCMC § 17.50.186(C) (entitled "*Classification*") provides:

Sexually oriented businesses are classified as follows:

1. Adults-only bookstores, adult novelty stores, and adult video stores;

2. Adults-only motion picture theaters;

3. Adult entertainment centers.

26.　　RCMC § 17.50.186(D) (entitled "*Location of sexually oriented businesses*") provides:

1. A sexually oriented business shall not be permitted to operate within 1,000 feet of:

a. A church, synagogue, mosque, temple or building which is used primarily for religious worship and related religious activities;

b. A public or private educational facility including but not limited to child day care facilities, nursery schools, preschools, kindergartens, elementary schools, private schools, intermediate schools, junior high schools, middle schools, high schools, vocational schools, secondary schools, continuation schools, special education schools, junior colleges, and universities; school

6

includes the school grounds, but does not include facilities used primarily for another purpose and only incidentally as a school;

c.  Any property zoned LDR-1, LDR-2, MDR, HDR, MHR, and PF;

d.  Any property zoned Central Business District (CBD);

e.  A public park or recreational area which has been designated for park or recreational activities including but not limited to a park, playground, nature trails, swimming pool, reservoir, athletic field, basketball or tennis courts, pedestrian/bicycle paths, wilderness areas, or other similar public land within Rapid City which is under the control, operation, or management of Rapid City park and recreation authorities;

f.  Auditoriums, convention centers, fairgrounds, museums, art or music centers, and theaters.

2.  A sexually oriented business shall not be permitted to operate within 1,000 feet of another sexually oriented business.

3.  For the purposes of paragraph 1., measurement shall be made in a straight line, without regard to intervening structures or objects, from the nearest portion of the building or structure used as a part of the premises where a sexually oriented business is conducted, to the nearest property line of the premises of those facilities or boundaries outlined in paragraph 1.

4.  For the purposes of paragraph 2. of this section, the distance between any 2 sexually oriented businesses shall be measured in a straight line without regard to intervening structures or objects, from the closest exterior wall of the structure in which each business is located.

27.     RCMC § 17.50.186(E) (entitled "Conditional Use") states: "Any sexually oriented business lawfully operating in a location permitted by this section shall be classified as a conditional use, and authorized by § 17.54.030."

28.     It is the official policy and custom of Rapid City to require that a sexually oriented business acquire approval as a conditional use pursuant to RCMC § 17.54.030 prior to opening or operating.

29.     A true and accurate copy of RCMC § 17.54.030 is attached hereto as **Exhibit C** and is hereby incorporated by reference as though fully set forth herein.

30.     RCMC § 17.54.030(E) (entitled "*Criteria for Review*") provides:

In reviewing applications for a conditional use permit, due consideration shall be given to the following:

1.  The location, character and natural features of the property;

2.  The location, character and design of adjacent buildings;

3.  Proposed fencing, screening and landscaping;

4.  Proposed vegetation, topography and natural drainage;

5.  Proposed pedestrian and vehicular access, circulation and parking, including that related to bicycles and other unpowered vehicles and provisions for handicapped persons;

6.  Existing traffic and traffic to be generated by the proposed use;

7.  Proposed signs and lighting;

8.  The availability of public utilities and services;

9.  The objectives of the adopted comprehensive plan and the purpose of the ordinance codified herein;

10. The overall density, yard, height and other requirements of the zone in which it is located;

11. The effects of noise, odor, smoke, dust, air and water pollution and the degree of control through the use of clarifiers, screening, setbacks and orientation; and

12. The degree to which conditions imposed will mitigate any probable adverse impacts of the proposed use on existing adjacent uses.

31.     Granting or denying a conditional use permit is discretionary with the Planning Commission.

32.     There exists no circumstances under which the RCMC mandates that the Planning Commission must grant a conditional use permit.

33.     Pursuant to RCMC § 17.54.030(F), a decision of the Planning Commission may be reviewed by the Common Council.  The Common Council reviews the appeal under the same criteria set forth in RCMC § 17.54.030(E).

34.     The RCMC provides no specified period of time in which the Planning Commission must act upon an application for a conditional use permit.

35.     There exists no circumstances under which the RCMC mandates that the Common Council must grant a conditional use permit.

36.     The RCMC provides no specified period of time in which the Common Council must act upon an appeal of Planning Commission's action upon an application for a conditional use permit.

37.     RCMC § 17.54.030(D) (entitled "*Restrictions*") provides:

In the exercise of its approval, the Planning Commission may impose such conditions regarding the location, character or other features of the proposed use and existing and proposed buildings and structures as it may deem advisable in the furtherance of the general purposes of this title. Unless otherwise approved by the Planning Commission, the conditional use permit shall be approved for the property, and not for use by the original applicant only.

38.     In approving a conditional use permit for a Sexually Oriented Business, the RCMC permits the Planning Commission to impose whatever conditions it deems prudent or necessary.

39.     In approving a conditional use permit for a Sexually Oriented Business on appeal, the RCMC permits the Common Council to impose whatever conditions it deems prudent or necessary.

9

40.     As a whole under the RCMC, the approval of a conditional use permit for a Sexually Oriented Business is completely discretional with the Planning Commission and, on appeal, with the Common Council as to whether approval will be granted, when approval will be granted, and under what conditions approval will be granted.

41.     The effect of the discretionary conditional use permit for First Amendment protected Sexually Oriented Businesses, intentional or not, is to pressure the applicant into self-censorship in hopes of garnering approval.

## STATEMENT OF FACTS

42.     Plaintiffs David Eliason and 1141, LLC, seek to open and operate a commercial retail establishment at or about 1141 Deadwood Avenue, Suite 7, Rapid City, South Dakota (the "Premises"). Eliason made inquiries and sought approvals with the intent that the commercial establishment would ultimately be operated by an entity to be formed. 1141 is the ultimate hopeful operator of the establishment and Eliason intends to transfer the necessary approvals to 1141.

43.     Plaintiffs intend to do business as "Dick & Jane's Naughty Spot" or "Dick & Jane's Super Spot."

44.     Plaintiffs' retail establishment would offer for sale various retail items aimed at adults for off-site use or consumption. Some of the items to be offered for sale are potentially regulated by RCMC § 17.50.186, as to the location of the establishment where such items may be offered for sale. Plaintiffs intend to offer for sale, without regard to whether Rapid City would regard the sale or offer of sale of such items as a principle business purpose or would regard the establishment as having as a substantial or significant portion of its stock in trade in such items, the following items: bachelorette items including tiaras, sashes, party items, gift bags, honeymoon

10

items and more; lingerie items including corsets, stockings, intimate wear, and undergarments for both men and women; post-mastectomy items; shoes for use with costumes, dress up, dancing and more, including platforms, stilettos, and more; lotions, oils, and lubricants for skin care, massage, intimacy, and more; adult-themed novelties and sexual aids; DVD's and magazines with sexual themes; and other items and seasonal items that present the potential for profit.

45.     The principle purpose of Plaintiffs' intended business operation will be to operate a profitable commercial retail establishment without dedication to any particular product type. Plaintiffs seek to obtain any and all necessary approvals to operate a Sexually Oriented Business in Rapid City so the business may carry and offer for sale Regulated Items without concern as to whether such items constitute, in the eyes of Rapid City, a primary business purpose or a substantial or significant portion of its stock in trade.

46.     Rapid City regards Plaintiffs' intended operation as an adult novelty store or adults-only bookstore within the meaning of RCMC § 17.50.186(B)(8).

47.     Rapid City regards Plaintiffs' intended operation as a Sexually Oriented Business within the meaning of RCMC § 17.50.186(B)(8).

48.     On or about April of 2017, Eliason approached Vicki Fisher of the Rapid City Community Planning and Development Services Department.   Eliason met with Fisher unannounced in her office.

49.     During the meeting described in the immediately preceding paragraph, Eliason expressed to Fisher his desire to open a business that would include the sale of Regulated Items and to obtain the necessary governmental approvals for such business. Eliason expressed to Fisher his desire to work with Rapid City to locate an appropriate and legally complaint location to

11

operate the business. Eliason and Fisher ultimately agreed that it would be useful to meet with appropriate city officials to identify an appropriate and legally complaint location.

50.      On or about May 9, 2017 Eliason and his attorney Roger Tellinghuisen (the undersigned) met with Rapid City employees at the offices of the Rapid City. Rapid City employees attending this meeting included Ted Johnson, a City Engineer; Carla Cushman, an Assistant City Attorney; Dan Kools (spelling of surname unknown); and Vicki Fisher.

51.      During the May 9, 2017 meeting described above, the participants discussed where Eliason could potentially open a Sexually Oriented Business in Rapid City. The attending Rapid City employees identified Deadwood Avenue on the North side of Rapid City as an area likely to contain a location for a Sexually Oriented Business that would comply with the locational restrictions of RCMC § 17.50.186(D).

52.      Thereafter and also during the May 9, 2017 meeting described above, Eliason proposed the Deadwood Avenue Business Park as a potential location. The Deadwood Avenue Business Park is generally located at or about 1141 Deadwood Avenue in Rapid City.

53.      Thereafter and also during the May 9, 2017 meeting described above, the participants examined the Deadwood Avenue Business Park as a potential location for a Sexually Oriented Business. The participating Rapid City employees did not identify any uses that would disqualify Deadwood Avenue Business Park for the location of a Sexually Oriented Business due to the locational restrictions contained in RCMC § 17.50.186(D).

54.      Thereafter, Eliason obtained and currently possesses a leasehold interest in certain real property and improvements located at the street address 1141 Deadwood Avenue, Suite 7, in Rapid City South Dakota.

55.     The Premises is located in a General Commercial ("GC") zoning district.

56.     Eliason engaged Renner Associates, LLC ("Renner Associates") to prepare the necessary site plan, floor plan, and other materials necessary to apply for and obtain a conditional use permit to establish a Sexually Oriented Business upon the Premises, and to act as his agent in applying for a conditional use permit.

57.     On or about July 28, 2017 Eliason, via Renner Associates, submitted an Application for Development Review to the Rapid City Community Planning and Development Department seeking to obtain a conditional use permit for the operation of a Sexually Oriented Business upon the Premises.  Rapid City assigned the application case number 17UR017.

58.     A true and accurate copy of the July 28, 2017 Application for Development Review, Case No. 17UR017, is attached hereto as **Exhibit D** and is incorporated by reference as though fully set forth herein.

59.     Eliason's Application for Development Review for the Premises came before the Rapid City Planning Commission (the "Planning Commission") on August 24, 2017.

60.     A true and accurate copy of the Planning Commission's Conditional Use Permit Project Report, including attachments, for Case No. 17UR017, is attached hereto as **Exhibit E** and is incorporated by reference as though fully set forth herein.

61.     At the August 24, 2017 Planning Commission meeting, after discussion, the Planning Commission voted and unanimously approved the conditional use permit requested in Case No. 17UR017, subject to certain enumerated conditions.

62.     A true and accurate copy of the Minutes of the Rapid City Planning Commission of August 24, 2017, are attached hereto as **Exhibit F** and is incorporated by reference as though fully set forth herein.

63.     The Minutes (attached hereto as **Exhibit F)** accurately reflects the conditions placed on the conditional use approval for the operation of a Sexually Oriented Business upon the Premises.

64.     On or about August 31, 2017, and through counsel, Black Hills Taekwondo LLC, Mike Buckingham, and Robin Buckingham d/b/a Buckingham's ATA Black Belt Academy (collectively herein the "Buckinghams"), filed an appeal of the conditional use permit granted in Case No. 17UR017 by written submission to Interim Director of the Rapid City Community Planning and Development Service and the City Attorney for Rapid City.

65.     A true and accurate copy of the Buckinghams' appeal of the conditional use permit granted in Case No. 17UR017 is attached hereto as **Exhibit G** and is incorporated by reference as though fully set forth herein.

66.     Generally, the Buckinghams appealed the grant of conditional use approval in Case No. 17UR017 on the ground that their commercial martial arts studio located at 1161 Deadwood Avenue, Suite 4, Rapid City, South Dakota is an "educational facility" within the meaning of RCMC § 17.50.186(D), which thereby disqualifies the Premises for use by a Sexually Oriented Business.

67.     A true and accurate copy of Eliason's response, via counsel, to the Buckinghams' appeal in Case No. 17UR017 is attached hereto as **Exhibit H** and is incorporated by reference as though fully set forth herein.

68.     Generally, Eliason contended that the Buckinghams' commercial martial arts studio is not an "educational facility" within the meaning of RCMC § 17.50.186(D).

69.     A true and accurate copy of the Rapid City Office of the City Attorney's September 18, 2017 Memo to the Common Council regarding Buckinghams' appeal in Case No. 17UR017 is attached hereto as **Exhibit I** and is incorporated by reference as though fully set forth herein.

70.     Generally, the City Attorney for Rapid City concluded that the Buckinghams' commercial martial arts studio was not an "educational facility" within the meaning of RCMC § 17.50.186(D).

71.     The Buckinghams' appeal in Case No. 17UR017 came before the Rapid City City Council (the "City Council" or the "Common Council," either of which shall also include the Rapid City Common Council) at a meeting held on or about September 18, 2017.

72.     A true and accurate copy of the Agenda for the September 18, 2017 City Council meeting is attached hereto as **Exhibit J** and is incorporated by reference as though fully set forth herein.

73.     At the September 18, 2017 meeting, after discussion, the City Council moved to deny the conditional use permit requested in Case No. 17UR017 and the motion to deny carried by a vote of 6 to 4.

74.     A true and accurate copy of the Minutes for the September 18, 2017 City Council meeting is attached hereto as **Exhibit K** and is incorporated by reference as though fully set forth herein.

75.     On or about September 22, 2017 Eliason met with employees of Rapid City, being: Carla Cushman, Assistant City Attorney, and Fletcher Lacock from the Planning and Development Services Department.

76.     At the September 22, 2017 meeting, Eliason inquired about specific alternate areas for a sexually oriented business in Rapid City, but it was ultimately determined that those locations were disqualified by uses specified in RCMC § 17.50.186(D).

77.     At the September 22, 2017 meeting, Rapid City Officials offered specific alternate areas for a sexually oriented business in Rapid City, but it was ultimately determined that those locations were disqualified by uses specified in RCMC § 17.50.186(D).

78.     In light of the conditional use permit denied in Case No. 17UR017, there exists no reasonably available location for a sexually oriented business within the municipal boundaries of Rapid City.

79.     At the September 22, 2017 meeting between Eliason and Rapid City officials, after the participants were unable to identify an alternative location for a Sexually Oriented Business in Rapid City, Eliason inquired of Rapid City Assistant City Attorney Cushman of how he could operate a commercial retail establishment upon the Premises, which could offer some Regulated Items for sale, but would restrict the sale of such items in such a manner as to not cross the legal threshold to being a Sexually Oriented Business within the meaning of RCMC § 17.50.186(B)(8). Cushman indicated to Eliason that she would look into it and get back to him.

80.     On or about October 3, 2017, Cushman sent a letter to Eliason explaining the process by which he could supply information to the City and obtain an opinion on whether the

proposed business would qualify as a Sexually Oriented Business, such decision being appealable to the Rapid City Zoning Board of Adjustment.

81.     A true and accurate copy of Cushman's October 3, 2017 letter to Eliason is attached hereto as **Exhibit L**.

82.     Neither Eliason, nor any reasonably intelligent person, can identify the line triggering Sexually Oriented Business status or how a person may operate a business in Rapid City stocking some Regulated Items without being deemed a Sexually Oriented Business by the City.

83.     Every day that the challenged RCMC § 17.50.186 is not enjoined from enforcement against the Plaintiffs, these Plaintiffs are being deprived of their fundamental rights under the First and Fourteenth Amendments to engage in speech and expression-related activities within Rapid City and in particular upon the Premises.

## COUNT I - DECLARATORY RELIEF

84.     Plaintiffs incorporate herein by reference each and every paragraph above as though fully set forth herein.

85.     RCMC § 17.50.186 is unconstitutional on its face and as applied to the Plaintiffs under the First and Fourteenth Amendments to the United States Constitution for numerous and various reasons, including, but not limited to, the fact that:

      a.      They effectuate an impermissible prior restraint on speech and expression;

      b.      They unduly, impermissibly, and unconstitutionally restrict the ability of individuals and businesses to engage in First Amendment protected activities within Rapid City;

c.      They permit unbridled discretion by Rapid City and through its officials in determining whether to issue a conditional use permit;

d.      They deny Plaintiffs and others their procedural due process rights under the First and Fourteenth Amendments;

e.      They fail to further any important, substantial, or compelling governmental interest;

f.      They permit restrictions on speech and expression that are greater than are essential to further any asserted governmental interests;

g.      They permit restrictions on speech and expression that are not the least restrictive means available;

h.      They contain criteria that are both arbitrary and capricious and which are not supported by any legislative record;

i.      They contain numerous and various terms and phrases which are impermissibly vague, and ambiguous;

j.      They contain numerous and various definitions of terms which are impermissibly and substantially overbroad judged in relation to their plainly legitimate sweep;

k.      They have been applied against Plaintiffs by Rapid City in an unconstitutionally vague manner;

l.      They fail to contain the mandatory procedural guarantees as set forth in **Freedman v. Maryland**, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d (1965), in order to pass constitutional muster;

18

m.     They impermissibly single out First Amendment protected businesses for certain regulations;

n.     They violate the substantive due process rights of the Plaintiffs and others;

o.     They fail to provide for a constitutionally sufficient number of alternative sites for the engagement in these forms of First Amendment protected activities;

p.     They lack definite and articulable standards for determining the approval or denial of a conditional use permit;

q.     They were enacted upon an insufficient record and is not justified on any factual or legal ground; and

r.     They do not permit constitutionally protected "adult oriented business" or "sexually oriented businesses" to locate as a matter of right anywhere within its jurisdictional reach.

86.     Additionally, Rapid City denied the conditional use permit requested in Case No. 17UR017 out of a distaste for or disagreement with the nature, content or message of the presumptively-protected printed, videographic and other materials to be offered for sale upon the Premises.

87.     Pursuant to Rule 57 of the Federal Rules of Civil Procedure, as well as 28 U.S.C. § 2201, Plaintiffs are entitled to a declaration that RCMC § 17.50.186 is unconstitutional on its face and as applied to these Plaintiffs for the reasons set forth above.

88.     Pursuant to Rule 57 of the Federal Rules of Civil Procedure, as well as 28 U.S.C. § 2201, Plaintiffs are entitled to a declaration that their operation of a sexually oriented business

19

upon the premises is a lawful conforming use, since there exists no valid zoning ordinance prohibiting or making the use conditional.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court declare RCMC § 17.50.186 unconstitutional on its face and as applied to these Plaintiffs.

## COUNT II - INJUNCTIVE RELIEF

89.    Plaintiffs incorporate herein by reference each and every paragraph above as though fully set forth herein.

90.    The RCMC § 17.50.186 has caused, and will cause, immediate and irreparable harm to Plaintiffs' federal constitutional rights if not enjoined, in that such provisions are preventing the Plaintiffs from engaging in constitutionally protected activities in the City.

91.    As a result thereof, Plaintiffs have and will continue to suffer immediate and irreparable harm and injury, for which they cannot be fully compensated by a money judgment, if RCMC § 17.50.186 is not immediately enjoined.

92.    RCMC § 17.50.186 has been and is being enforced against Plaintiffs and their lawful interests.  Such enforcement and application is both flagrantly and patently violative of Plaintiffs' federal constitutional rights.  There is no other remedy at law which would suffice to protect Plaintiffs' interests for the reasons above numerated.

93.    The public interest also is great, and would be served by the granting of injunctive relief. Unless such relief is granted, the public's right to view and have access to certain materials protected by the First and Fourteenth Amendments to the United States Constitution is being precluded. The public interest is always served by enjoining an unconstitutional law.

94.     Plaintiffs have a substantial likelihood of success of prevailing on their constitutional claims against RCMC § 17.50.186, in that they are blatantly and patently unconstitutional.  The Defendant will suffer no harm by the entry of such an injunction, as there can be no legitimate governmental interest in enforcing an unconstitutional law.  In addition, the "balancing" of the equities tips in favor of the Plaintiffs and in the entry of a preliminary injunction, due to the paramount position of rights afforded under the First Amendment in comparison to the lack of harm occasioned to the Defendant if such an injunction is granted.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter both a preliminary and permanent injunction pursuant to Fed.R.Civ.P. Rule 65 and 28 U.S.C. § 2202, enjoining the Defendant, as well as its officers, agents, employees and representatives, from enforcing RCMC § 17.50.186 against the Plaintiffs, otherwise interfering with Plaintiffs' intended operation of its retail business upon the Premises.

## COUNT III – MONEY DAMAGES

95.     Plaintiffs incorporate herein by reference each and every paragraph above as though fully set forth herein.

96.     All of the actions of Rapid City, by and through its agents, employees and representatives, in applying RCMC § 17.50.186 against the Plaintiffs and their interests, have been undertaken, and will be undertaken, in the course and scope of official duties and under the color of state law.

97.     As a direct and proximate cause of the unconstitutional application and enforcement of RCMC § 17.50.186 against the Plaintiffs and their interests, the Plaintiffs have incurred and suffered significant and substantial damages, and will in the future suffer significant and

substantial damages, including, but not limited to loss of constitutional rights; lost business profits; loss of business reputation; and having to incur costs and attorney fees in seeking protection of their constitutional rights asserted herein.

98.     Any actions by Rapid City to enforce RCMC § 17.50.186 against the Plaintiffs has been and will be made under color of state law, and will unquestionably result in the deprivation of Plaintiffs' constitutional and civil rights as set forth above so as to render Rapid City liable for these losses pursuant to 42 U.S.C. §1983.

99.     Eliason is well versed in his First Amendment rights, in part due to previous encounters and at least one other lawsuit against a municipality for violating his rights.

100.    Eliason expended tens of thousands of dollars identifying an appropriate location for his intended business and seeking the necessary approvals.

101.    As a direct and proximate result of Rapid City violating his fundamental First Amendment Rights, including but not limited to denying the conditional use permit requested in Case No. 17UR017, Eliason has suffered extreme emotional distress culminating in a myocardial infarction on September 22, 2017 and continued pain and suffering.

102.    Pursuant to 42 U.S.C. § 1983 and common law, Plaintiff's are entitled to damages for the injuries set forth above.  In the event that the Court is unable to award actual damages, an award of nominal damages is available for the violation of Plaintiffs constitutional rights.

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court to enter an award of damages against Defendant Rapid City and in favor of the Plaintiffs in an amount to which Plaintiffs are found to be entitled.

## COUNT IV - ATTORNEY FEES AND COSTS

22

103.    Plaintiffs incorporate herein by reference each and every paragraph above as though fully set forth herein.

104.    Because RCMC § 17.50.186 violates the United States Constitution, both on its face and as applied to the Plaintiffs, and because its enforcement has and will deprive the Plaintiffs of their fundamental federal constitutional rights, Plaintiffs are entitled, as prevailing parties, to an award of costs and attorney fees incurred herein pursuant to 42 U.S.C. §1988.

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court to award costs and attorney fees incurred herein pursuant to 42 U.S.C. § 1988.

## COUNT V – STATE LAW WRIT OF MANDAMUS – SDCL § 21-29-1

105.    Plaintiffs incorporate herein by reference each and every paragraph above as though fully set forth herein.

106.    Plaintiffs hereby petition the Court for a peremptory writ of mandamus, pursuant to SDCL chapter 21-29, compelling Rapid City and its City Council, including the Common Council, to approve the conditional use permit as requested by Eliason in Case No. 17UR017.

107.    Other than a writ of mandamus, there exists no plain, speedy, and adequate remedy, in the ordinary course of law,  to compel Rapid City or its City Council, to issue the conditional use permit requested in Case No. 17UR017 or otherwise challenge or appeal the City Council's decision to deny the requested conditional use permit.

108.    For the reasons stated above, including but not limited to the incorporated Commission's Conditional Use Permit Project Report (**Exhibit E**), Eliason's response to appeal **Exhibit H**),  Rapid City Office of the City Attorney September 13, 2017 Memo to the Common Council regarding Buckinghams' appeal in Case No. 17UR017 (**Exhibit I**), the decision of the

City Council to the conditional use permit requested in Case No. 17UR017 is arbitrary, capricious, unlawful, unconstitutional, and an otherwise improper act of discretion for numerous and various reasons including, but not limited to the following:

a.   Requiring discretionary conditional use approval for the exercise of First Amendment rights is unconstitutional.

b.   The standards for granting conditional use approval for the exercise of First Amendment rights are unduly discretionary.

c.   The conditional use permit approval process impermissibly permits the unfettered attachment of conditions to an approval to engage in First Amendment Activity.

d.   As a whole, the conditional use review and approval process lacks reasonable and specified deadlines for decisions.

e.   The definitions of terms necessary to deem an establishment to be a "Sexually Oriented Business" for purposes of RCMC § 17.50.186(B)(8) are unconstitutionally vague and ambiguous.

f.   The locational criteria under RCMC § 17.50.186(D) are unconstitutionally vague and ambiguous, including but not limited to the definition of "a public or private educational facility."

g.   The Buckinghams are not "a public or private educational facility" within the meaning of RCMC § 17.50.186(D).

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court issue a peremptory writ of mandamus to Rapid City and its City Council directing it to issue the conditional use permit

requested in Case No. 17UR017 or otherwise permit and not interfere with Plaintiffs' operation of a Sexually Oriented Business upon the Premises.

**PRAYER FOR RELIEF**

**WHEREFORE**, for the forgoing reasons, Plaintiffs pray that this Honorable Court enter judgment against Defendant, which would include:

A.      Entry of an order declaring that RCMC § 17.50.186 is unconstitutional on its face and as applied to the Plaintiffs;

B.      Entry of a preliminary and permanent injunction restraining the Defendants, including their officers, agents, employees, representatives, and all persons acting by, through, or for Defendant, from enforcing and/or applying RCMC § 17.50.186 against Plaintiffs or against the intended business which is to be operated on the Premises;

C.      Entry of an order permitting Plaintiffs to operate its intended business upon the Premises;

D.      Entry of an order declaring Plaintiffs' operation of a Sexually Oriented Business upon the Premises to be a lawful confirming use;

E.      Entry of an award of damages against Defendant Rapid City and in favor of the Plaintiffs in an amount to which Plaintiffs are found to be entitled and/or for nominal damages;

F.      Entry of an award of costs and attorney fees incurred herein pursuant to 42 U.S.C. § 1988;

G.      Issuance of a peremptory writ of mandamus to Rapid City and its City Council directing it to issue the conditional use permit requested in Case No. 17UR017 or otherwise permit

and not interfere with Plaintiffs' operation of a Sexually Oriented Business upon the Premises; and

    H.    Such other and further relief as the Court deems just and proper.

                          Respectfully Submitted:

Dated: October 18, 2017

                        /s/
ROGER A. TELLINGHUISEN roger@demjen.com
Michael V. Wheeler mvw@demjen.com
DeMersseman, Jensen, Tellinghuisen
  & Huffman, LLP
516 5th Street; PO Box 1820
Rapid City, SD  57709
(605) 342-2814
Counsel for Plaintiffs

MATTHEW J. HOFFER (MI No. P70495)*
Matt@BradShaferLaw.com
Shafer & Associates, P.C.
3800 Capital City Boulevard, Suite 2
Lansing, Michigan 48906
(517) 886-6560
Counsel for Plaintiffs
*Pending admission Pro Hac Vice

## CERTIFICATION/VERIFICATION

Under penalty of perjury, the undersigned certify and verify that the factual statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certify as to the aforesaid that he/she verily believes the same to be true.

By: David Eliason
Its: Individually and as Manager of 1411, LLC

Subscribed and sworn to before me this 18th day of October, 2017.

Notary Public
Pennington County, South Dakota

My commission expires: August 14, 2023

27